Judge Robertson
delivered the opinion of the Court.
A county court has the right to require, from time to time, sufficient security from administrators; and if they discover that security which had been given, is not sufficient, or the penalty in the official bond is too small, they may, “ex officio,” rule the administrator to additional security; and it is immaterial whether there are any distributees or not, there may be creditors.
But to authorize such a requisition, by the county court, there must be evidence, that .the official bond is insufficient.
In this case, the order requiring additional security, was made without any evidence of the amount of *134 the estate, or of the existence of either creditors or distributees; and the administrator denied, in court, on the record, that he had received any assets, or that there were any distributees. We could not, therefore, sustain the county court in a removal of the administrator, for failing to give further security,, unless there was some fact shown to justify it. But they have not removed him. They only made an interlocutory order, directing him to give security, on- or before the first day of their term succeeding that or<^er was made. This is only cautionary. H may revoked or set aside at the next term, This court will, therefore, not revise it.
Denny, for plaintiff.
^ffijjfrefore, the writ of error must be dismissed, Iteran be time enough for the administrator to complain to this court, when the county court shall have dismissed him from office.